Michael E. Stone, Esq. SBN: 46016
Leo B. Siegel, State Bar No. 116841
LAW OFFICE OF MICHAEL E. STONE
3425 S. Bascom Avenue, Suite I
Campbell, California 95008
408/377-9899 Telephone
408/377-5270 Facsimile
Email: mikeestone@yahoo.com
K9esq@flash.net

Attorneys for Plaintiffs, BRENDA HICKMAN
and BETTY HENRY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CV 08  3686  SC

| | |
|---|---|
| BRENDA HICKMAN and BETTY HENRY, | CASE NO. |
| Plaintiffs, | DECLARATION OF BRENDA HICKMAN IN SUPPORT OF A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION |
| vs. | |
| TRUST DEED INVESTMENTS, INC., a California corporation; PHILIP B. GOLDSTEIN; THE HASKELL PROPERTIES; NIKOS GLIMIDAKIS; et al., | |
| Defendants. | |

1.  I, Brenda Hickman, am a plaintiff in the above-entitled action and make this affidavit, pursuant to the Federal Rules of Civil Procedure, in support of plaintiffs' application for the issuance of a temporary restraining order as to defendants Trust Deed Investments, et al ("TDI"). I am over the age of 18. I have personal knowledge of the facts stated herein and could and would competently testify thereto if called to do so.

2.  I am the daughter of Plaintiff Betty Henry, who is an 89-year old widow.

3.  I have read the "facts" stated in both the Complaint (which I have verified) and in Mr. Stone's Memorandum Of Points And Authorities In Support Of A Temporary Restraining Order And

---

1
DECLARATION OF BRENDA HICKMAN IN SUPPORT OF A TEMPORARY RESTRAINING ORDER AND A
PRELIMINARY INJUNCTION

1  a Preliminary Injunction. In the interest of brevity, they won't be repeated here, but I can and do aver
2  to the truth of each stated fact.

3    4.    The bottom line is that the house at 473 Hill Street, San Francisco, California, is my
4  mother's personal residence and has been since 1942 or 1943. She raised our family there and is more
5  than a little emotionally attached to that home.

6    5.    In 2005, after the City and County of San Francisco forced my mother to repair
7  and update the home (calling it "unsafe" and "a public nuisance"), I helped her obtain financing
8  against it in order to make the repairs and remodel it. As requested by the Lender, my mother added
9  me to the title to her home in 2005 for the sole purpose of obtaining that loan, but it remained her
10 principal dwelling.

11   6.    In 2007, when the first loan proved to be too little and too short-termed, I approached
12 the Defendants and sought a loan to replace it and to provide the additional funds necessary to make
13 the repairs and complete the remodeling.

14   7.    The Defendants knew at all times that the purpose of the loan was to help my mother
15 fix up her home so she could continue to reside in it as her principal dwelling. I told them so, each
16 of them.

17   8.    It is unfortunate that my mother and I had difficulties with the contractor doing the
18 work, Stephen Stack, but it became necessary to terminate him. And when we did, the Defendants,
19 particularly Philip Goldstein and TDI, not only ceased funding the construction loan, they attempted
20 to accelerate the due date and began foreclosure proceedings.

21   9.    I have located alternate funding to complete the work and pay off the existing loan,
22 through Network Funding, Inc., but the process has been delayed, in part, by Defendants, in that they
23 refused and failed to give said mortgage brokerage a pay off statement; and now they refuse to delay
24 their foreclosure voluntarily for 45 to 60 days to complete the new financing.

25   10.   It has never been explained to me why Defendants put me down as "the borrower" or
26 the purpose of the loan as "investment", when they knew that it was really for my mother and her
27 personal need to repair the house in order to continue living in it. "It was necessary", both Mr.
28 Goldstein and Mr. Glimidakis stated "to obtain the financing".

2

DECLARATION OF BRENDA HICKMAN IN SUPPORT OF A TEMPORARY RESTRAINING ORDER AND A
PRELIMINARY INJUNCTION

11. If the foreclosure sale that Mr. Goldstein and TDI have scheduled for next Tuesday, August 5, 2008, is not restrained, and my mother loses her home, she will be devastated. The loss to her, due to her long history with the property, would be in no uncertain terms irreparable.

12. As Mr. Stone points out in the Memorandum, my mother and I have paid over $85,000 in "finance charges" and $118,000 in prepaid interest. There can simply be no hardship to Defendants to be enjoined from selling the house pending resolution of the case, as they have been fully paid and prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed at San Mateo, CA on July 31, 2008.

*Brenda Hickman*
BRENDA HICKMAN

---

DECLARATION OF BRENDA HICKMAN IN SUPPORT OF A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION