Michael E. Stone, Esq. SBN: 46016
Leo B. Siegel, State Bar No. 116841
LAW OFFICE OF MICHAEL E. STONE
3425 S. Bascom Avenue, Suite I
Campbell, California 95008
408/377-9899 Telephone
408/377-5270 Facsimile
Email: mikeestone@yahoo.com
       K9esq@flash.net

Attorneys for Plaintiffs, BRENDA HICKMAN
and BETTY HENRY

IN THE UNITED STATE DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVSION

| | |
|---|---|
| BRENDA HICKMAN and BETTY HENRY, | CASE NO.  C-08-3686 SC |
| Plaintiffs, | Date: September 19, 2008<br>Time: 10:00 a.m. |
| vs. | Dept.: 1<br>Judge: Hon. Samuel Conti |
| TRUST DEED INVESTMENTS, INC., a California corporation; PHILIP B. GOLDSTEIN; THE HASKELL PROPERTIES; JEROME M. BOSCOE; NIKOS GLIMIDAKIS; and DOES 1-20, inclusive, | SUPPLEMENT TO MOTION AND SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION |
| Defendants. | |

Plaintiffs Brenda Hickman and Betty Henry hereby supplement their motion and the points and authorities in support of said motion for a preliminary injunction, seeking to restrain Defendant TRUST DEED INVESTMENTS, INC.'S ("TDI") foreclosure proceedings against Plaintiff's residence.

I.

AS AN ALTERNATIVE TO ISSUING A PRELIMINARY INJUNCTION, THE COURT SHOULD ISSUE AN ORDER AUTHORIZING THE PLAINTIFFS TO COMPLETE THEIR PENDING REFINANCE OF THE DEFENDANTS' UNDERLYING LOAN, WITH A RECONVEYANCE OF THE DEED OF TRUST AT ISSUE, AND PAYMENT TO DEFENDANT TDI OF THE UNDISPUTED PRINCIPAL, WITH SEQUESTRATION OF THE DISPUTED AND ALLEGED ILLEGAL INTEREST PENDING THE OUTCOME OF THIS LITIGATION.

1

SUPPLEMENT TO MOTION AND SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs submit that as an alternative to issuance of a preliminary injunction, there exists authority for the Court to issue a form of order that will completely avoid the necessity for a pendente lite injunction against foreclosure. Plaintiffs assert that the Defendants' loan violates their rights under the Truth and Lending Act ("TILA"). If Plaintiffs prevail, then Defendants will necessarily be found to be entitled only to repayment of the principal of their loan, with Plaintiffs being provided a credit against the principal for all payments of the interest, fees and finance charges. Therefore, Plaintiffs submit, existing authority provides the Court the discretion to issue an order permitting Plaintiffs to complete their pending refinance, order a reconveyance of the Defendants' existing deed of trust upon payment to Defendants of only the undisputed amount of principal on their loan that is the subject of this action, and deposit of the disputed interest in a blocked interest-bearing account, or deposited with the Court Clerk, pending the outcome of this action; any withdrawal of those funds would be subject to further order of the Court. See, e.g., Yamamoto v. Bank of New York (2003) 329 F.3d 1167.

In Yamamoto v. Bank of New York (supra), the Court was required to decide whether a court may order borrowers seeking rescission of a mortgage under the Truth in Lending Act[1] (TILA), 15 U.S.C. §1635, to show prior to trial that proceeds can be tendered if they prevail. The Court provided the borrowers in that case 60 days to do so, and when they were unable to satisfy their duty under a rescission of their loans, issued a summary judgment against them and dismissed their rescission claims.

The borrowers argued that the district court could not deny a rescission for failure to pay back loan proceeds without first determining at trial whether TILA was violated. They further argued that language set forth in Regulation Z indicated that a court has no discretion to change the substantive provisions of the TILA, and that it did so when requiring premature tender of the loan proceeds.

---

[1] Plaintiffs allege in paragraph 42 of their complaint that they have the right to rescind the Loan Transaction in accordance with the provisions of 15 U.S.C. §1635(a) and Regulation Z §226.23(a) as a consequence of Defendant TDI'S violation s of the Truth in Lending Act, 15 U.S.C. §1601, *et seq.*, and in particular, their inclusion of prohibited terms in the loan that is the subject of this action, and that they exercised that right of rescission. Per said statute, Defendants then had 20 days to release or reconvey the deed of trust.

Yamamoto, supra, at 329 F.3d 1167, 1169-1170.

The court considered the relief the lower court had granted **not as a substantive modification of TILA, but rather, merely a discretionary change in the procedural application of the TILA scheme**. The court pointed out that TILA and Reg. Z were amended in 1980 and 1981, respectively, when **provisions were added that permitted a court to modify procedures implementing the rescission provided for in the Act**. Yamamoto, supra, at 329 F.3d 1167, 1171-1172.

The Yamamoto court affirmed the lower court's treatment and implementation of the rescission remedy the plaintiffs sought and held that:

> Thus, a court may impose conditions on rescission that assure that the borrower meets her obligations once the creditor has performed its obligations. Our precedent is consistent with the statuory and regulatory regime of leaving courts free to exercise equitable discretion to modify rescission procedures. This also comports with congressional intent that "the courts, at any time during the rescission process, may impose equitable conditions to insure that the consumer meets his obligations after the creditor has performed his obligations as required by the act." S.Rep. No. 368, 96th Cong., 2d Sess. 29 (1980) *reprinted in* 1980 U.S.C.C.A.N. 236, 265.
>
> As rescission under § 1635(b) is an ongoing process consisting of a number of steps, there is no reason why a court that may alter the sequence of procedures *after* deciding that rescission is warranted, may not do so *before* deciding that rescission is warranted when it finds that, assuming grounds for rescission exist, rescission still could not be enforced because the borrower cannot comply with the borrower's rescission obligations no matter what. Such a decision lies within the court's equitable discretion, taking into consideration all the circumstances including the nature of the violations and the borrower's ability to repay the proceeds. If, as was the case here, it is clear from the evidence that the borrower lacks capacity to pay back what she has received (less interest, finance charges, etc.), the court does not lack discretion to do before trial what it could do after.

Here, Plaintiffs are also requesting as an alternative to pendente lite relief, that the Court modify the procedures implementing the rescission provided for in TILA. Moreover, Plaintiffs submit that here the Court has an even more compelling and justifiable reason to exercise its discretion to alter the procedural aspects of the TILA scheme. In this case, Plaintiffs propose to immediately upon completing their pending refinance, pay the Defendant lender the full amount it would be entitled to receive under TILA, which is the undisputed principal amount of the loan at issue. They would also pay the disputed portion of the underlying obligation, (the illegally collected interest and finance charges that violate the TILA guidelines) but seek to have said sum sequestered in an interest-bearing account, with its distribution to be determined through the outcome of this

1  action. Under such an order from the Court, there would no longer be any need for pendente lite relief
2  against foreclosure. Moreover, there would not even be any need for the Court to require any bond
3  pending the outcome of this action, as there would be no injunction. The money would be on hand
4  to cover whatever might be awarded to Defendants, should they prevail. At the same time, such an
5  order from the Court would permit Plaintiffs to complete a refinance that would immediately lower
6  the current interest rate on the financing for the subject property to 7.5%, half of the rate they are
7  charged under the Defendants' loan, and thereby impose a mitigation of the damages accruing against
8  the outstanding and undisputed principal. Defendants could reloan their principal to another
9  borrower, earn whatever interest they charge and not be harmed in any way by this process. Plaintiffs
10 have already proposed this manner of resolving the injunctive relief phase of this case to the
11 Defendants, but the proposal has been rejected (apparently in an effort to keep the foreclosure
12 pressure on Plaintiffs).

## CONCLUSION

14     As stated above, when a violation of the Truth In Lending Act or the Regulation Z provision
15 occurs, the borrower is entitled to rescind the transaction and the security interest thereafter becomes
16 legally void. Plaintiffs did exercise their right to rescind and as a result, Defendants have absolutely
17 no right to continue with their foreclosure. The deed of trust is void and unenforceable. Defendants
18 are only permitted to recover the principal amount of the underlying loan. Plaintiffs submit that,
19 under the circumstances of this case, the Court should either enjoin Defendants' Trustee's Sale
20 proceedings pendente lite, or alternatively and preferably, should issue an order that avoids the
21 necessity for such injunctive relief altogether by permitting the Plaintiffs to refinance the property,
22 pay Defendants the full amount of the undisputed principal of their loan, and deposit the disputed
23 portion either in a blocked account or with this Court pending the completion of this action.

24                                                     Respectfully submitted,

25 Dated: August 28, 2008                              LAW OFFICE OF MICHAEL E. STONE

27                                        By:    /s/ Michael E. Stone
                                                 Michael E. Stone, Attorney for Plaintiffs,
28                                               BRENDA HICKMAN and BETTY HENRY